Filed 7/25/25  P. v. Tillmon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RECO TILLMON,<br><br>    Defendant and Appellant. | C099868<br><br>(Super. Ct. No. 23FE012131) |

A jury found defendant Reco Tillmon guilty of misdemeanor resisting a peace officer and misdemeanor unlawful possession of drug paraphernalia.  It deadlocked on felony weapons possession charges and the trial court declared a mistrial on those counts.  The trial court sentenced defendant to one year six months in county jail.  It did not impose any fines, fees, or assessments.

Defendant now contends (1) the trial court abused its discretion in denying his request to continue trial; (2) his counsel was ineffective in failing to advise him that he

1

had to waive time for trial if he wanted to apply for mental health diversion; and (3) the abstract of judgment must be corrected to reflect the oral pronouncement of sentence.

We conclude (1) the trial court did not abuse its discretion in denying defendant's request for a trial continuance, (2) defendant has not established ineffective assistance of counsel, and (3) the abstract of judgment must be corrected.

We will affirm the judgment and direct the trial court to prepare a corrected abstract of judgment reflecting that the sentence on the count four unlawful possession conviction is a consecutive six months in county jail, and that no fines, fees, or assessments are imposed.

BACKGROUND

The underlying circumstances of defendant's offenses are not relevant to the contentions on appeal. It is sufficient to say that the People charged defendant with possession of a firearm by a convicted felon (count one -- Pen. Code, § 29800, subd. (a)(1)),[1] possession of an assault weapon (count two -- § 30605), misdemeanor resisting, delaying or obstructing a peace officer (count three -- § 148, subd. (a)(1)), and misdemeanor unlawful possession of a device used for unlawfully injecting or smoking a controlled substance (count four -- Health & Saf. Code, § 11364).

On August 14, 2023, defendant's appointed counsel informed the trial court that defendant was considering treatment options to address mental health and substance abuse concerns.[2] But defense counsel said defendant did not waive time for trial and wanted the case set for a preliminary hearing.

Following an August 24 preliminary hearing, there was no time waiver. A minute order stated that trial had to begin by October 23.

---

[1] Undesignated statutory references are to the Penal Code.

[2] All dates refer to 2023.

2

An initial trial date was reset and the matter was trailed. The People filed a trial brief and in-limine motions on October 17. The case was assigned to a courtroom on that date but was continued to October 19 because defendant did not appear. Defendant filed in-limine motions on October 18, stating he did not want to waive time and would withdraw a prior application for mental health diversion.

However, on October 19, a different public defender assigned to defendant informed the trial court that defendant intended to move for a trial continuance because he might file a motion for mental health diversion in about six weeks.

Defense counsel represented that between August 7 and August 14, the prior defense counsel reviewed the mental health diversion application with defendant and had defendant sign consent forms for the application. The application was submitted on August 14. But defendant also pleaded not guilty and did not waive time, consistent with the practice at the Public Defender's Office. The case was assigned to the subsequent defense counsel a couple of weeks after the preliminary hearing date was set. When she got the case, defense counsel talked with defendant about waiving time, but defendant declined such a waiver. No time waiver was entered and the matter was set for trial within 60 days.

Defendant was referred for assessment on September 11. Defense counsel was on vacation the week of October 1 and could not meet with defendant the week of October 8.

At an in-camera hearing, defense counsel said she informed defendant he had to waive time to pursue mental health diversion. She told defendant she did not know how long the process would take but she had cases where it took almost a year. Defendant said he did not want to wait a year. Although defense counsel advised defendant to waive time, he refused. She continued to discuss the issue of diversion with defendant the week of October 15, but he remained reluctant. However, on the evening of October 18, they both spoke with defendant's wife and defendant changed his mind about diversion.

3

Defendant said that when his initial defense counsel originally told him about mental health diversion, defendant told his attorney he wanted to try it. According to defendant, his first attorney did not tell him he had to waive time to pursue mental health diversion. The first attorney told the judge he probably did not advise defendant that he needed to waive time if he wanted diversion.

The prosecutor objected to a continuance. She argued defendant had many opportunities to waive time earlier in the proceeding but did not, and this had also been happening in other cases involving the Public Defender's Office.

The trial court denied the motion for a continuance, noting that defendant did not file a written motion and did not show good cause for a continuance. It found that defendant could have requested mental health diversion at the trial readiness conference but chose not to waive time. According to the trial court, the matter was called "ready" and set for a pretrial conference, motions were prepared, subpoenas were issued, witnesses were scheduled to appear on October 23 and 24, and jurors were called for the case. There was no indication at the October 17 pretrial conference that defendant wanted to pursue mental health diversion. Defendant had changed his mind at the last-minute as the case was going to trial.

Following trial, the jury found defendant guilty of misdemeanor resisting, delaying or obstructing a peace officer (count three -- § 148, subd. (a)(1)) and misdemeanor unlawful possession of a device used for unlawfully injecting or smoking a controlled substance (count four -- Health & Saf. Code, § 11364). The jury deadlocked on the felony charges of possession of a firearm by a felon (count one -- § 29800, subd. (a)(1)) and possession of an assault weapon (count two -- § 30605). The trial court declared a mistrial on those counts. It sentenced defendant to one year in county jail on the count three resisting conviction, and a consecutive six months in county jail on the count four unlawful possession conviction. The trial court did not impose any fines, fees, or assessments.

4

DISCUSSION

I

Defendant contends the trial court abused its discretion in denying his request to continue the trial so that he could pursue mental health diversion.

Continuances in a criminal case are granted only upon a showing of good cause. (§ 1050, subd. (e); accord Super. Ct. Sacramento County, Local Rules, rule 10.02.) This is because it is the State's policy that all proceedings in criminal cases be set for trial and heard and determined at the earliest possible time. (§ 1050, subd. (a).) The Legislature has found "that the criminal courts are becoming increasingly congested with resulting adverse consequences to the welfare of the people and the defendant. Excessive continuances contribute substantially to this congestion and cause substantial hardship to victims and other witnesses. Continuances also lead to longer periods of presentence confinement for those defendants in custody and the concomitant overcrowding and increased expenses of local jails. . . . [T]he people, the defendant, and the victims and other witnesses have the right to an expeditious disposition." (§ 1050, subd. (a).) Consequently, it is "the duty of all courts and judicial officers and of all counsel, both for the prosecution and the defense, to expedite these proceedings to the greatest degree that is consistent with the ends of justice." (*Ibid.*) "Motions to continue the trial of a criminal case are disfavored and will be denied unless the moving party . . . presents affirmative proof in open court that the ends of justice require a continuance." (Cal. Rules of Court, rule 4.113.)

In general, a defendant must file and serve written notice of a motion for a continuance at least two court days before the trial is set to begin, together with affidavits or declarations detailing specific facts showing that a continuance is necessary. (§ 1050, subd. (b); Super. Ct. Sacramento County, Local Rules, rule 10.02.) But a party may move for a continuance without complying with those requirements if the party demonstrates good cause for the failure to comply. (§ 1050, subd. (c).) A motion for a continuance

5

must be denied if the moving party cannot establish such good cause. (§ 1050, subd. (d).)

We review the denial of a continuance motion for abuse of discretion and accord substantial deference to the trial court's exercise of discretion. (*People v. Brown* (2023) 14 Cal.5th 530, 538; *People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1181 [" 'an order denying a continuance is seldom successfully attacked' "], disapproved on another ground in *People v. Rangel* (2016) 62 Cal.4th 1192, 1216.) We will not reverse the denial of a motion for continuance absent a showing of an abuse of discretion and prejudice. (*People v. Doolin* (2009) 45 Cal.4th 390, 450; *People v. Gonzalez* (2005) 126 Cal.App.4th 1539, 1548-1549.)

On October 19, defendant asked to continue the trial so that he could potentially file a request for mental health diversion. He did not provide at least two court days written notice of his motion, and he did not submit affidavits and declarations showing the necessity for a continuance. The trial court found that defendant had not shown good cause. It found that defendant could have sought a continuance at the trial readiness conference but chose not to waive time.

Defendant did not show good cause for his failure to comply with the procedural requirements of section 1050, subdivision (b), and it was appropriate to deny the request for that reason alone. (§ 1050, subd. (d).) But he also failed to show good cause for the continuance itself. Although defense counsel discussed mental health diversion with defendant from the beginning, defendant declined to waive time until the eve of trial. He claims he was not advised that he needed to waive time in order to pursue mental health diversion, but his second attorney represented otherwise to the trial court. Defendant certainly had a right to repeatedly demand a speedy trial, but he did not show good cause for his change of mind on the eve of trial. By that point, in-limine motions had been filed, subpoenas had issued, and witnesses were scheduled to testify beginning on October 23. (§ 1050, subd. (g)(1) [a trial court must consider the general convenience and prior commitments of all witnesses in deciding whether or not good cause for a

6

continuance has been shown].)  The People objected to a continuance.  And defendant did not submit evidence, an offer of proof, or argument that any of the section 1001.36 eligibility and suitability requirements for mental health diversion could have been established.  The trial court did not abuse its discretion in finding that defendant failed to make a good cause showing.

In addition, defendant does not establish on appeal that had the trial court granted his request for a continuance, there was a reasonable probability he would have been granted mental health diversion.  (*People v. Hawkins* (1995) 10 Cal.4th 920, 945 [applying *People v. Watson* (1956) 46 Cal.2d 818 harmless error test], disapproved on another point in *People v. Blakeley* (2000) 23 Cal.4th 82, 89.)  At the time of the trial and now, a trial court may grant the defendant pretrial mental health diversion under section 1001.36 if the defendant makes a prima facie showing that he or she meets all of the threshold eligibility requirements and the court determines that the defendant and offense are suitable for diversion.  (§ 1001.36, subd. (a); Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023; *People v. Frahs* (2020) 9 Cal.5th 618, 624, 627.)  A defendant is eligible for pretrial diversion if (1) the defendant has been diagnosed with a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders and (2) the defendant's mental disorder was a significant factor in the commission of the charged offense.  (§ 1001.36, subd. (b); Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023.)  The defendant must present evidence of his or her mental disorder, including a diagnosis or treatment for a diagnosed mental disorder within the last five years by a qualified mental health expert.  (§ 1001.36, subd. (b)(1); Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023; *People v. Braden* (2023) 14 Cal.5th 791, 814 [stating that the defendant bears the burden of providing evidence in support of a diversion request, including showing the existence of a mental health disorder].)  A defendant is suitable for pretrial diversion if (1) in the opinion of a qualified mental health expert, the defendant's symptoms of the mental disorder causing, contributing to or motivating the criminal

7

behavior would respond to mental health treatment; (2) the defendant consents to diversion and waives the right to a speedy trial, unless the defendant is mentally incompetent to do so; (3) the defendant agrees to comply with treatment as a condition of diversion, unless the defendant is mentally incompetent to do so; and (4) the defendant will not pose an unreasonable risk of danger to public safety if treated in the community. (§ 1001.36, subd. (c); Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023.)  The trial court may require the defendant to make a prima facie showing regarding eligibility and suitability for diversion at any stage of the proceedings.   (§ 1001.36, subd. (e); Stats. 2022, ch. 735, § 1, eff. Jan. 1, 2023.)  Such showing may be made on offers of proof, reliable hearsay and argument of counsel.  (*Ibid.*)  A request for diversion may be summarily denied if a prima facie showing is not made.  (*Ibid.*)  Because defendant does not demonstrate that he could make a prima facie showing of eligibility and suitability for diversion under section 1001.36, he fails to establish prejudicial error.  We do not consider defendant's assertion, made without citation to the record, that he was not afforded much of an opportunity to show that he could have obtained diversion.  (*People v. Myles* (2012) 53 Cal.4th 1181, 1222, fn. 14; *Miller v. Superior Court* (2002) 101 Cal.App.4th 728, 743.)

## II

Defendant next claims his initial counsel was ineffective in failing to advise him that he needed to waive time in order to pursue mental health diversion.

To establish ineffective assistance of counsel, a defendant must prove (1) that his trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to the defendant.  (*People v. Maury* (2003) 30 Cal.4th 342, 389 (*Maury*); *Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674] (*Strickland*).)  If the defendant makes an insufficient showing on either of those components, his ineffective assistance claim fails.  (*People v. Holt* (1997) 15 Cal.4th 619, 703; *Strickland*, at p. 687.)

The defendant must affirmatively prove prejudice to establish ineffective assistance. (*People v. Mickel* (2016) 2 Cal.5th 181, 198.) "[T]he record must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' [Citation.]" (*Maury, supra*, 30 Cal.4th at p. 389.) The defendant must show a reasonable probability of a more favorable result. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217-218; *Strickland, supra*, 466 U.S. at pp. 693-694.)

The record suggests that the first defense counsel did not advise defendant that he had to waive time to pursue mental health diversion. Nevertheless, the second counsel promptly informed defendant he had to waive time if he wanted to pursue mental health diversion, but defendant asserted his right to a speedy trial and declined to waive time in order to participate in diversion. Because defendant did not change his mind until the eve of trial, and as explained above, he does not show he could make a prima facie showing under 1001.36, he has not established the requisite prejudice for his ineffective assistance claim. (See *People v. Banner* (2022) 77 Cal.App.5th 226, 238-239 [rejecting ineffective assistance claim where the defendant could not prove the trial court would have found him eligible for mental health diversion].)

III

In addition, defendant contends the abstract of judgment must be corrected to reflect the oral pronouncement on the count four unlawful possession conviction, and to omit the reference to fines, fees, and assessments. The People agree the abstract must be corrected.

Where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) The appellate court has authority to correct clerical errors in the abstract of judgment so that it comports with the oral pronouncement of judgment.

9

(*Id.* at p. 389.)  We will direct the trial court to correct the abstract of judgment to reflect the consecutive six-month county jail sentence on the count four unlawful possession conviction, and to omit the reference to fines, fees, and assessments.

DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment stating that the sentence on the count four unlawful possession conviction is a consecutive six months in county jail, and deleting reference to fines, fees, and assessments.  The trial court shall forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
WISEMAN, J.*


_____


* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.